# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL HARRIS, *et al.*,<br>Defendants. | CR 88-00972-GHK-TJH-6<br><br>Order |

The Court has considered Defendant Michael Harris's motion for a sentence reduction based on compassionate release, together with the moving and opposing papers.

In 1990, after a jury trial, Harris was convicted of, *inter alia*, conspiracy and attempt to distribute 2,776 kilograms of cocaine. On November 28, 1990, District Judge William Rea sentenced Harris to 235 months to run consecutively to his two undischarged state sentences. Because of the consecutive nature of his sentence, Harris did not begin serving his federal sentence until 2011. Accordingly, Harris's expected release date is June 13, 2028.

Harris is, currently, serving his sentence at Federal Correctional Institute, Lompoc ["Lompoc"], in Lompoc, California. In 1996, Harris was diagnosed with

Guillain-Barre Syndrome, an auto-immune disorder. Harris was, recently, diagnosed with COVID-19, but he is asymptomatic.

Harris, now, moves for a sentence reduction based on compassionate release arguing that he is entitled to relief because: (1) His age, underlying health issues, and his COVID-19 diagnosis; (2) He is actually innocent of his state conviction and, therefore, should be given federal credit for all of the time he spent serving his state sentence; and (3) His rehabilitation record is exemplary.

The First Step Act, Pub. L. 115-391, 132 Stat. 5194 ["First Step Act"], sought, *inter alia*, to increase the use and transparency of compassionate release by allowing defendants who have fully exhausted their administrative remedies to seek compassionate relief from the District Court. Administrative remedies are exhausted after the defendant requests the Bureau of Prisons ["BOP"] to initiate a motion for release on the defendant's behalf and the BOP has either denied the request or failed to respond to the request within 30 days. *See* 18 U.S.C. § 3582(c)(1)(A).

In November, 2019, Harris filed a compassionate release request with the warden of Lompoc, but did not include any arguments regarding his COVID-19 diagnosis or the COVID-19 pandemic. The Government argued that because this motion exceeds the scope of the November, 2019 request, Harris failed to exhaust administrative remedies. However, because the request pertained to Harris's health in general, the Court deems this motion exhausted and ripe for decision.

If the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the community, the Court may, after considering the factors set forth in 18 U.S.C. § 3553, reduce the defendant's sentence. 18 U.S.C. § 3582(c)(1)(A). Extraordinary and compelling reasons include, *inter alia*: (1) A terminal illness; (2) A serious medical condition, from which the defendant is not expected to recover, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility; or (3) The defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health

because of the aging process, and has served at least 10 years or 75% of the imposed sentence. *See* United States Sentencing Guidelines § 1B1.13.

Harris failed to set forth an extraordinary and compelling reason to warrant a sentence reduction. Further, even if, *arguendo*, he had set forth an extraordinary and compelling reason, after considering, *inter alia*, the § 3553 factors and the seriousness of Harris's offenses, the Court would decline to exercise its discretion to reduce his sentence for compassionate release.

Accordingly,

**It is Ordered** that the motion for a sentence reduction be, and hereby is, **Denied**.

Date: June 16, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge